IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALFRED C. DUCKETT, DMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-312-D |
| | ) | |
| THE STATE OF OKLAHOMA *ex rel.* | ) | |
| THE BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF OKLAHOMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 11], filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff has responded in opposition to the Motion, which is fully briefed and at issue.

Plaintiff is African-American and a tenured associate professor at Cameron University (the "University"). In this removed case, Plaintiff brings suit under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), claiming he was subjected to racial discrimination and retaliation for making a discrimination complaint. Both claims are based on the same adverse employment action: the University imposed a "severe sanction" on August 8, 2012, that consisted of "stripping [Plaintiff] of his regular duties for the Fall 2012 semester and prohibiting him from physically coming to University's campus for any reason unless he obtained prior admission from Defendant McArthur." *See* First Am. Pet. [Doc. No. 1-2], ¶ 23. Plaintiff also asserts civil rights claims under 42 U.S.C. § 1983 against three individuals – Cindy Ross (president), John McArthur (provost), and Thomas Russell (EEO officer) – claiming they violated his constitutional rights of free speech and procedural due process. In addition, Plaintiff asserts a

pendant state law claim for breach of his employment contract, based on the University's alleged breach of an implied covenant of good faith and fair dealing.

Defendants seek the dismissal of all claims. Regarding Title VII, the University asserts a lack of subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative remedies. Regarding § 1983, the individual defendants assert that Plaintiff's pleading fails to state a claim for violation of either the First Amendment or the Due Process Clause, and that they are entitled to qualified immunity. The University also asserts that Plaintiff's pleading fails to state a breach of contract claim.

## Subject Matter Jurisdiction

**A.     Standard of Decision**

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)). If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a district court must confine itself to the complaint and accept the allegations as true. *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013); *Holt v. United States*, 46 F. 3d 1000, 1002 (10th Cir. 1995); *see also Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292-93 (10th Cir. 2005). Here, Defendants' Rule 12(b)(1) Motion presents a facial attack on the sufficiency of Plaintiff's pleading to establish a basis for subject matter jurisdiction over his Title VII claims.

2

**B.      Discussion**

In this federal circuit, "[i]t is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit." *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 624-25 (10th Cir. 1994); *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996)). Under the circumstances of this case, Plaintiff admits he was required to file an EEOC complaint or charge within 300 days of a discrete act of unlawful discrimination or retaliation, and to file a civil action after the EEOC issued a notice of his right to sue. *See* Pl.'s Resp. Br. [Doc. No. 12] at 5.

Plaintiff's pleading states that his EEOC charge was filed on May 27, 2012, and the EEOC issued a right-to-sue notice on June 4, 2012. *See* First Am. Pet. [Doc. No. 1-2], ¶ 33. However, the adverse employment action on which his Title VII claims are based was the "severe sanction" imposed by Defendants Ross and McArthur on August 8, 2012. *See id.* ¶ 23. The EEOC charge filed in May, 2012, obviously did not concern this event, but concerned some earlier event that, according to argument in Plaintiff's brief, occurred on May 9, 2012. *See* Pl.'s Resp. Br. [Doc. No. 12] at 5-6.[1] Plaintiff does not allege that he filed a new or amended EEOC charge concerning the "severe sanction" when it later occurred. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act."); *see also Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620 628 (10th Cir. 2012) (quoting *Morgan* and reaffirming its continued validity). Accordingly, the Court finds that Plaintiff has failed to exhaust the administrative process for the Title VII claims asserted in this case. Therefore, the Court lacks jurisdiction to consider them.

---

[1] Plaintiff references his charge of discrimination as Exhibit 1, but no exhibit is attached to his brief.

3

**Failure to State a Claim**

**A.     Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Determining the sufficiency of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950; *see Robbins*, 519 F.3d at 1248 (degree of specificity needed to establish plausibility "depends on context"). In the context of § 1983 cases involving multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *See Robbins*, 519 F.3d at 1249-50 (emphasis in original). The question to be decided in any case is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**B.     Discussion**

The individual defendants contend Plaintiff's First Amended Petition fails to state a § 1983 claim against them for violation of his right of free speech or right of procedural due process.[2] The University contends Plaintiff's pleading fails to state a breach of contract claim.

**1.      Free Speech**

It is well established that "the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *See Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006); *see also Connick v. Myers*, 461 U.S. 138, 147 (1983); *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968). A retaliation claim brought by a public employee based on constitutionally protected speech is governed by a five-prong *Garcetti/Pickering* test. *See Morris v. City of Colorado Springs*, 666 F.3d 654, 661 (10th Cir. 2012); *see also Couch v. Board of Trustees*, 587 F.3d 1223, 1235 (10th Cir. 2009). Here, the pertinent elements are: "(1) whether the speech was made pursuant to an employee's official duties; [and] (2) whether the speech was on a matter of public concern."[3] *See Dixon v. Kirkpatrick*, 553 F.3d 1294, 1302 (10th Cir. 2009); *see also Morris*, 666 F.3d at 661; *Rohrbough v. University of Colo. Hosp. Auth.*, 596 F.3d 741, 745 (10th Cir. 2010). These elements present "issues of law to be decided by the court." *Morris*, 666 F.3d at 661; *Dixon*, 553 F.3d at 1302; *see also Rohrbough*, 596 F.3d at 745.

"The Tenth Circuit's decisions addressing the first step of the *Garcetti/Pickering* analysis 'have taken a broad view of the meaning of speech that is pursuant to an employee's official

---

[2] They also invoke the defense of qualified immunity, which is discussed *infra*.

[3] In their brief, Defendants argue that "Plaintiff cannot satisfy either of the first two steps." *See* Defs.' Mot. Dism. [Doc. No. 11] at 10. They subsequently contend his free speech claim also fails "the third step." *Id*. at 14. This latter argument depends on facts outside of Plaintiff's pleading and, thus, is not proper for resolution under Rule 12(b)(6).

duties.'" *Rohrbough*, 596 F.3d at 746 (quoting *Thomas v. City of Blanchard*, 548 F.3d 1317, 1324 (10th Cir. 2008)); *see Casey v. West Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 1331 (10th Cir. 2007) (describing step one as a "heavy barrier"). However, the court of appeals has not announced bright line rules, but "has taken a case-by-case approach, looking both to the content of the speech, as well as the employee's chosen audience, to determine whether the speech is made pursuant to an employee's official duties." *Rohrbough*, 596 F.3d at 746. While courts sometimes look to whether the employee spoke to someone outside his chain of command, "the proper focus is ultimately still whether the speech 'stemmed from and [was of] the type . . . that [the employee] was paid to do,' regardless of the exact role of the individual or entity to which the employee has chosen to speak." *Id.* at 747 (quoting *Green v. Bd. of County Comm'rs*, 472 F.3d 794, 798 (10th Cir. 2007); alterations in *Rohrbough*).

Similarly, "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *See Connick*, 461 U.S. at 147-148. "[P]ublic concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication." *City of San Diego v. Roe*, 543 U.S. 77, 83-84 (2004); *Deutsch v. Jordan*, 618 F.3d 1093, 1099-1100 (10th Cir. 2010). "In determining whether speech pertains to a matter of public concern, the court may consider 'the motive of the speaker and whether the speech is calculated to disclose misconduct or merely deals with personal disputes and grievances unrelated to the public's interest.'" *Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192, 1205 (10th Cir. 2007) (quoting *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1224 (10th Cir. 2000)). Thus, speech "revealing official impropriety usually involve[s] matters of public concern," but "speech that simply airs

6

'grievances of a purely personal nature' typically does not involve matters of public concern." *Id.* (quoting *Lighton*, 209 F.3d at 1225).

In this case, addressing the sufficiency of Plaintiff's factual allegations under Rule 12(b)(6), the Court finds that Plaintiff has stated a plausible claim. Although the allegedly protected speech on which Plaintiff bases his First Amendment claim is not entirely clear, the alleged retaliatory acts of Defendants Ross, McArthur, and Russell underlying this claim are their participation in imposing the "severe sanction" described in his pleading. *See* First Am. Pet. [Doc. No. 1-2] ¶ 47. Plaintiff alleges the sanction was based on a finding that he had "created a hostile work environment in the Department of Music through his continued insistence that race must be in the forefront of all discussions," *id.* ¶ 21, and not simply because he had accused the chair of a hiring committee of racism. Plaintiff's pleading recites his lengthy history of advocacy regarding a perceived lack of African-American faculty at the University, particularly in the Department of Music. No allegation of his pleading suggests that Plaintiff undertook this advocacy pursuant to his duties as a music professor or a member of the hiring committee. Further, a reasonable inference to be drawn from Plaintiff's factual allegations is that he received a retaliatory sanction based on his overall complaints about racial discrimination and discriminatory hiring practices by the University, rather than a single statement about the hiring committee or a departmental decision. If proven, Plaintiff's alleged speech would involve a matter of public concern and not merely a personal grievance. Therefore, the Court finds that the First Amended Petition sufficiently states a plausible First Amendment claim.

### 2. Procedural Due Process

"Procedural due process claims require a two-part analysis. First, we assess whether Plaintiff's interest was protected by the Fourteenth Amendment, and if so, whether Plaintiff was

7

afforded an appropriate level of process." *Dill v. City of Edmond*, 155 F.3d 1193, 1206 (10th Cir. 1998). Defendants concede that, as a tenured professor at a public university, Plaintiff had a constitutionally protected property interest in continued employment. They contend, however, that this property right was not affected by imposition of the "severe sanction" described in Plaintiff's pleading, which did not terminate his employment or abrogate his tenure and is not alleged to have resulted in any loss of pay or benefits. Defendants argue that either a) Plaintiff was not entitled to any procedure to challenge the sanction, or b) Plaintiff was afforded adequate review procedures.

Plaintiff responds that the Tenth Circuit has held that disciplinary action less severe than termination can trigger a tenured professor's right to receive the same procedural safeguards afforded a terminated employee. Plaintiff relies solely on *Hulen v. Yates*, 322 F.3d 1229 (10th Cir. 2003). Upon review of that decision, however, the Court finds that *Hulen* does not support Plaintiff's argument.

In *Hulen*, the court of appeals determined that a tenured professor at Colorado State University "had a property interest in his departmental assignment based upon the terms and conditions of his appointment, the Faculty Manual, . . . and the unanimous custom and practice of the university." *Hulen*, 322 F.3d at 1243-44. To reach this conclusion, the court started from the premise "that 'the same analysis applied to determine the existence of a property right in employment is utilized to determine whether there is a property right in a particular employment status.'" *Id*. at 1241 (quoting *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1254 (10th Cir. 1998)). "The existence of a property interest is defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and support claims of entitlement to those benefits." *Hennigh*, 155 F.3d at 1253.

In this case, the "severe sanction" described in Plaintiff's pleading is not alleged to have affected either his employment status or any employment benefit. Plaintiff states he was removed from his teaching duties and required to obtain admission to the University's campus through Defendant McArthur. Plaintiff does not identify any independent source of entitlement as a tenured professor to particular duties or unfettered access to campus grounds or facilities. Thus, the Court finds the alleged facts do not establish that Plaintiff was denied a protected property interest by the discipline imposed. *See Teigen v. Renfrow*, 511 F.3d 1072, 1079 (10th Cir. 2007) (employees who had a property interest in continued employment and were blacklisted from career opportunities "were not disciplined in such a way as to deprive them of a constitutionally protected property right" where they remain employed at the same rank and did "not allege any decrease in compensation as a result of the alleged blacklist"); *see also Dill*, 155 F.3d at 1207 (change in police officer's duty schedule did not implicate a property right).

For these reasons, the Court finds that Plaintiff's pleading fails to state a plausible § 1983 claim for denial of due process. Therefore, Defendants are entitled to dismissal of this claim.

### 3. Qualified Immunity

The defense of qualified immunity protects a public employee from personal liability under § 1983 unless he violated a constitutional right that was clearly established at the time of his conduct in the specific context of the case. *See Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010); *Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009). "'In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct.'" *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011); *see Wilson*

9

*v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "'In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Brown*, 662 F.3d at 1164 (quoting *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010); internal quotation omitted). "This prior caselaw need not address a situation factually identical to that of a defendant officer, but it must 'provide fair warning that [the] officer's conduct would violate constitutional rights.'" *Bowling*, 584 F.3d at 964 (quoting *Marshall v. Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 740 (10th Cir. 2007)).

Federal caselaw regarding the plausible First Amendment claim stated in Plaintiff's pleading is clearly established. The individual defendants do not effectively dispute this point. Instead, they argue that § 1983 claims "are actions sounding in tort" and "subject to the limitations set forth in the Oklahoma Governmental Tort Claims Act." *See* Defs.' Reply Br. [Doc. No. 13] at 5-6. This argument is plainly wrong. As explained by the Supreme Court:

> "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced."

*Howlett ex rel. Howlett v. Rose,* 496 U.S. 356, 376-77 (1990) (quoting *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980); internal quotation and citation omitted); *see Tiemann v. Tul-Center, Inc.*, 18 F.3d 851, 853 (10th Cir. 1994) ("district court erred in finding that the Oklahoma Governmental Tort Claims Act immunized defendants from § 1983 liability"). It is well settled that "[a] § 1983 claim may be available, even though a state remedy is foreclosed by the Oklahoma Governmental Tort Claims Act." *Tiemann*, 18 F.3d at 853.

Therefore, the Court finds that the individual defendants are not entitled to dismissal of Plaintiff's First Amendment claim based on an immunity defense.

### 4. Breach of Contract

The University contends Plaintiff's state law claim is deficient because he alleges only the breach of an implied duty of good faith and fair dealing without identifying any specific provision of his employment contract that was not performed. In response, Plaintiff "agrees with defendants' recitation of the law on this issue, *i.e.*, that a violation of the implied covenant of good faith and fair dealing requires a violation of an express contractual provision." *See* Pl.'s Resp. Br. [Doc. No. 12] at 23. He proceeds to argue facts outside his pleading to demonstrate that a claim is sufficiently stated. Alternatively, Plaintiff requests leave to amend pursuant to Fed. R. Civ. P. 15(a). In their reply, Defendants do not contend that amendment would be futile. Accordingly, the Court finds that the First Amended Petition fails to state a breach of contract claim, but that Plaintiff should be permitted to further amend his pleading.[4]

## Conclusion

For these reasons, the Court concludes that Plaintiff's Title VII claims must be dismissed for lack of subject matter jurisdiction, Plaintiff's § 1983 claim for denial of due process and his breach of contract claim should be dismissed for failure to state a claim upon which relief can be granted, but Plaintiff should receive an opportunity to amend his pleading. Further, the Court concludes that Plaintiff's § 1983 claim against the individual defendants for violation of the First Amendment is sufficient and should not be dismissed.

---

[4] "'[D]ismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Tate v. Farmland Indus., Inc.* 268 F.3d 989, 997 (10th Cir. 2001) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001)).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 11] is GRANTED in part and DENIED in part, as set forth herein. Plaintiff may file an amended complaint within 14 days from the date of this Order.

IT IS SO ORDERED this 14th day of November, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE